[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2006
THOMAS K. KAHN
CLERK

No. 05-13087
Non-Argument Calendar

_____

Agency No. A79-495-431

JOSE EDGAR VARON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 20, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON, and BIRCH, Circuit Judges.

PER CURIAM:

Jose Edgar Varon petitions this Court <u>pro se</u> for review of the order of the Board of Immigration Appeals ("BIA") denying his motion to reopen the BIA's earlier order affirming the immigration judge's ("IJ") order denying him asylum, withholding of removal, and denying relief under the United Nations Convention Against Torture.[1]  We dismiss his petition in part and deny it in part.

Varon, a native and citizen of Colombia, alleged in his application for asylum and withholding of removal that he had suffered persecution from the Revolutionary Armed Forces of Colombia ("FARC") due to his political opinion and his membership in the Colombian Liberal Party and that he feared for his life if he returned to Colombia.  The IJ denied Varon's application; and, on 30 December 2004, the BIA affirmed the IJ's denial.  On 18 March 2005, Varon filed a motion to reopen on the basis of new evidence: a letter from the purchaser of Varon's business in Colombia, stating that the FARC had called the business to ask about Varon's location.  On 4 May 2005, the BIA denied Varon's motion to reopen.  On 3 June 2005, Varon filed the instant petition seeking review of the BIA's 4 May 2005 order.

---

[1]The petition for review names only Varon as a petitioner, even though Varon's wife, Luz Mary Castro, was a derivative applicant on Varon's asylum petition, is listed in Varon's brief as a petitioner, and signed the brief.  Because Fed.R.App.P. 15 requires each petitioner to be named specifically in the petition for review, only Varon is a proper petitioner.  Regardless, as we decide that Varon is entitled to no relief, Castro, as a derivative applicant, also would be entitled to no relief were she a proper petitioner.

In his petition, Varon argues that the BIA erred in determining (1) that Varon could not establish past persecution because he had not suffered harm at the hands of the FARC and (2) that Varon could not establish a well-founded fear of returning to Colombia because his family members remained in Colombia unharmed. The government responds that we lack jurisdiction to consider the BIA's 30 December 2004 decision that affirmed the IJ's conclusions about these issues.

We review de novo whether we have subject matter jurisdiction. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. See 8 U.S.C. § 1252(b)(1). The statutory time limit for filing a petition for review in an immigration case is mandatory and jurisdictional. See Dakane v. U.S. Attorney Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (citing Stone v. INS, 115 S.Ct. 1537, 1549 (1995)).

Varon should have filed his petition for review by 31 January 2005 to appeal timely the BIA's 30 December 2004 order affirming the IJ's denial of asylum and withholding of removal. But Varon did not file his petition with this Court until 3 June 2005. The filing of the motion to reopen on 18 March 2005 did

3

not suspend the finality of the underlying BIA order and did not toll the review period. See Dakane, 399 F.3d at 1272 n.3. Varon's petition is untimely for the BIA's 30 December 2004 decision. We, thus, lack jurisdiction to consider those arguments: we dismiss that portion of his petition for review.

So, the scope of our review is limited to the BIA's denial of Varon's motion to reopen. But review of Varon's brief shows that he makes no arguments about the motion to reopen, which was based on alleged new evidence: the letter by the purchaser of one of Varon's businesses. Most of Varon's brief is devoted to arguing why the IJ and BIA erred in denying his asylum application. Because Varon has failed to brief the denial of the motion to reopen, this issue is abandoned and we do not consider it. See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003) (stating that issue not raised on appeal is abandoned). We deny Varon's petition for review of the denial of the motion to reopen.

DISMISSED IN PART, DENIED IN PART.